COPY

Thomas E. Duckworth (SBN 152369)
Tom@dplolaw.com
Monique Olivier (SBN 190385)
Monique@dplolaw.com
**DUCKWORTH PETERS LEBOWITZ OLIVIER LLP**
100 Bush Street, Suite 1800
San Francisco, California  94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556

James E. Miller (SBN 262553)
jmiller@sfmslaw.com
Karen M. Leser-Grenon (SBN 231189)
kleser@sfmslaw.com
**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
65 Main Street
Chester, Connecticut 06412
Telephone: (860) 526-1100
Facsimile:  (866) 300-7367

Attorneys for Plaintiff Bennett Vinson and the Proposed Class

BY: ____

2014 FEB 26 PM 3:58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

FILED

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

EDCV14-00369 DDP (AGRx)

| | |
|---|---|
| BENNETT VINSON, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br><br>ASSET MANAGEMENT SPECIALISTS, INC. and DOES 1-25,<br><br>     Defendants. | **CLASS ACTION**<br><br>Case No.<br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br>  (1)  Breach of Contract<br>  (2)  Breach of Covenant of Good Faith and Fair Dealing<br>  (3)  Willful Misclassification of Independent Contractor Status<br>  (4)  Failure to Pay Overtime Wages<br>  (5)  Failure to Pay Wages for Hours Worked<br>  (6)  Failure to Indemnify<br>  (7)  Violations of the Unfair Competition Law<br><br>**JURY DEMANDED** |

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA  94104

**DUCKWORTH PETERS LEBOWITZ OLIVIER LLP**
100 Bush Street, Suite 1800
San Francisco, CA 94104

## NATURE OF CLAIM

1.      Plaintiff Bennett Vinson (hereinafter referred to as "Plaintiff") brings this action on behalf of himself and a proposed class of similarly situated individuals against Defendant Asset Management Specialists, Inc. (hereinafter referred to as "AMS"), for its unlawful employment scheme that denies Plaintiff and others like him the wages and benefits to which he is lawfully entitled.

2.      Plaintiff and proposed Class members are employees who have worked for AMS, doing property preservation work in the State of California.  Plaintiff, along with others similarly situated, was and continues to be unlawfully treated as independent contractors by AMS.  AMS retains control over their work in order to deny Plaintiff and others similarly situated wages and benefits to which they are lawfully entitled under California labor law.

3.      Through this action, Plaintiff charges AMS with violations of provisions of the California Labor Code and the California Industrial Welfare Commission Wage Orders (hereinafter "Wage Orders").  Plaintiff seeks, on behalf of himself and the proposed class, declaratory and injunctive relief, restitution, compensatory damages, liquidated damages, penalties, attorneys' fees and costs, and prejudgment interest.

## PARTIES

4.      Plaintiff Bennett Vinson is an individual resident of Victorville, California who has performed work as a vendor for AMS at various properties in San Bernardino, California.

5.      Defendant Asset Management Specialists, Inc. is a company headquartered in Bristol, Pennsylvania.  AMS provides property preservation, maintenance, repair and rehabilitation, and remodeling services to various foreclosed properties throughout the United States, including California.

6.      Plaintiff sues fictitious defendants DOES 1-25 because their names and/or capacities and/or facts showing them to be liable are not known presently. On information and belief, Plaintiff alleges that their entities and/or capacities shall be ascertained through discovery. Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same has been ascertained. On information and belief, Plaintiff alleges that each defendant

designated herein as fictitious defendants were in some manner responsible for the occurrences and damages alleged herein.

7.     Plaintiff is informed and believes and thereon alleges that each of the defendants herein, including those fictitiously named, were at all times relevant to this action, the agent, employer, partner, supervisor, director, joint employer, managing agent, joint venturer, alter ego or part of an integrated enterprise of the remaining defendants and each were acting within the course and scope of that relationship. Plaintiff sues defendants on their own right and on the basis of *respondeat superior*.

8.     Plaintiff is further informed and believes and thereon alleges that each of the defendants herein gave consent to, ratified and authorized the acts alleged herein to each of the remaining defendants, including those fictitiously named defendants.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

10.     This District is the proper venue for this action as a substantial part, if not all, of the events giving rise to this action has occurred in this District.

## GENERAL ALLEGATIONS

11.     In August 2012, Plaintiff began his employment with AMS.   Plaintiff is classified as an independent contractor but treated as an employee from the first day of work until the present.  At AMS, Plaintiff is responsible for providing property preservation services for Victorville and San Bernardino County.

12.     At all times relevant herein, Plaintiff, as with other Class members, is not a licensed general contractor, nevertheless, AMS pays Plaintiff as an independent contractor.

13.     Notwithstanding AMS misclassified Plaintiff and others as independent contractors, Plaintiff, along with other Class members, is an AMS employee in that AMS directly and indirectly controls all aspects of Plaintiff and Class members' employment.  AMS handles every detail of the relationship with Plaintiff and other Class members, which allows

CLASS ACTION COMPLAINT

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

AMS to manage properties through these misclassified independent contractors, known as vendors. Through technology and expertise, AMS scrutinizes every work order from placement to completion. AMS measures each vendor's work on every step of every job.

14.     AMS assigns Plaintiff, along with other Class members, work orders through its own website which vendors log on with an individual access code.  AMS assigns work orders seven days a week and requires Plaintiff and other Class members to complete work orders within times prescribed by AMS.

15.     Upon assigning work orders, AMS controls and manages the completion of the work order.  As with other Class members, Plaintiff must sign in to each property as an AMS representative and his work is constantly rated by a scorecard.  Failure to maintain a satisfactory rating causes a reduction in work for the Plaintiff and the other class member vendors.

16.     All work orders Plaintiff and other Class members accept require them to follow detailed protocols and procedures.  Work orders are also detailed and include specific requirements regarding the work to be performed.  AMS also obligates Plaintiff to additional requirements and information, even if not in the initial work order.

17.     Through work orders, Plaintiff and other Class members perform property preservation work, which includes board-ups, trash-outs, janitorial and maid service, winterization, lawn service and other services, as required.  AMS also requires Plaintiff and other Class members to remove significant amounts of debris from the properties.

18.     At all times relevant to this action, Plaintiff and other Class members work almost exclusively for AMS. As with other Class members, it is virtually impossible for Plaintiff to work for other companies because of the amount of work orders, specific requirements, and time constraints placed upon Plaintiff by AMS. Plaintiff personally performs services and also hires other employees to keep up with the AMS work orders.

19.     At all times relevant to this action, Plaintiff and other Class members are required to take and submit photos of their work.  As with other Class members, AMS requires Plaintiff to

take before, during, and after photos. During photos, also known as action photos, are required by AMS to ensure work orders were completed properly.

20.     At all times relevant to this action, AMS conducts audits and on-site inspections of Plaintiff's and other Class members' work orders. Through inspections, AMS maintains aggressive control of each work order completed by Plaintiff and other Class members. As a result of these inspections, AMS refused to pay Plaintiff and other Class members anything for work performed for allegedly "deficient" work, even when Plaintiff has substantially complied with the work order. AMS regularly and unilaterally reduces Plaintiff's and other Class members' invoices by 20% or more. Plaintiff and other Class members are also required to cure any deficiencies with any work orders and any additional, discretionary requirements of AMS without pay.

21.     At all times relevant to this action, AMS refused to pay Plaintiff and other Class members for work performed based on subjective criteria used during AMS inspections of their work.

22.     At all time relevant to this action, Plaintiff and other Class members were required to participate in mandatory training conducted by AMS.  Training included video and in-person training.  AMS forced Plaintiff and other Class members to attend these trainings and did not pay them for any of their time and expenses related to such trainings.

23.     During the course of their employment, Plaintiff and other Class members were paid either by price rate for each task, or a flat rate for the entire work order, which was determined by AMS. Payment on work orders was usually made 45 to 60 days after completion and submission of the work order. AMS determined price rates and/or flat rates for each work order.

24.     As with other Class members, Plaintiff incurred various necessary and reasonable business expenses related to his employment with AMS. Plaintiff incurred expenses, including, but not limited to: trucks, trailers, gas, mileage, car repair, computers, phones, monthly mobile internet services, dumping, and other materials for the various properties managed by AMS.

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA  94104

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

1  AMS did not reimburse Plaintiff or other Class members for these out-of-pocket expenses

2  directly related to their employment, and other expenses incurred in the course of performing

3  their work.

4       25.    Plaintiff and other Class members regularly worked more than 8 hours a day and

5  40 hours a week working for AMS.  Plaintiff and other Class members were never paid overtime

6  for any time they worked beyond the 8 hours a day or 40 hours a week.  For example, Plaintiff

7  worked early mornings to prepare and process work orders, and worked until late night to upload

8  photos for work performed that day.

9       26.    Plaintiff and other Class members are informed, believe and thereon allege that

10  AMS was at all times aware Plaintiff and Class members work overtime, but refused to pay any

11  overtime pay.

12            **CLASS ACTION ALLEGATIONS**

13       27.    Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on

14  behalf of himself and all other persons similarly situated.  The proposed class (hereinafter the

15  "Class") that Plaintiff seeks to represent is defined as follows:

16

17       All persons who have performed property preservation and maintenance services
       for AMS at any property within the State of California for four years prior to the
18       filing of the original complaint in this action through the date of final judgment.

19       28.    This action may properly be maintained as a class action pursuant to

20  Fed. R. Civ. P. 23(a) and (b) (3) and/or (c) (4).

21       29.    Plaintiff is informed and believes and on that basis alleges that the Class is

22  comprised of more than 50 persons, and is so numerous that joinder of all members would be

23  impracticable.  The exact size of the Class and the identity of the members of the Class is

24  ascertainable from the business records of AMS.

25       30.    Questions of law and fact common to the Class exist that predominate over

26  questions affecting only individual members, including, *inter alia*, the following:

27

28

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

    a.   Whether AMS breached its contract and its covenant of good faith and fair dealing with Plaintiff and members of the Class;

    b.   Whether AMS has a policy or practice of misclassifying members of the Class as independent contractors rather than employees in order to avoid compliance with various provisions of the California Labor Code and Industrial Welfare Commission Wage Orders (hereinafter, "Wage Orders");

    c.   Whether AMS has paid all Class members for the hours that were worked in excess of 8 hours a day or 40 hours a week as required by California law;

    d.   Whether AMS's pay practices toward members of the Class comply with the requirements of the California Labor Code and applicable Wage Order(s);

    e.   Whether AMS's business practices are unlawful and/or unfair in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL").

31. The claims asserted by Plaintiff in this action are typical of the claims of the Class, the claims arise from the same course of conduct by AMS, and the relief sought is common.

32. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel who are competent and experienced in consumer protection, employment and class action litigation.

33. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class member has suffered injury and is entitled to recover damages by reason of AMS's unlawful conduct. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Moreover, the prosecution of separate actions against by individual Class members would create a risk of inconsistent judgments. Finally, there will be no undue difficulty in the management of this litigation as a class action.

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION
(Breach of Contract)

34.    Plaintiff and Class members incorporate by reference paragraphs 1 through 33, inclusive, of this Complaint as though fully set forth herein.

35.    Plaintiff and Class members entered into contracts with AMS to perform services for AMS in exchange for payment of those services.  These agreements were in writing and governed the respective responsibilities of the parties.

36.    AMS materially breached Plaintiffs' and other Class members' Agreements when they failed to compensate them as provided for in the Agreements.

37.    AMS has refused and continues to refuse to allow Plaintiff and Class members the benefits of their employment contract and to perform under said agreement in the agreed-upon manner.

WHEREFORE, Plaintiff and Class members pray for judgment against AMS as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

38.    Plaintiff and Class members incorporate by reference paragraphs 1 through 37, inclusive, of this Complaint as though fully set forth herein.

39.    As with other Class members, as a result of the employment relationship which existed between Plaintiff and AMS, the express and implied promises made in connection therewith, and the acts, conduct and communications which resulted in said implied promises, AMS covenanted and promised to act in good faith toward and deal fairly with Plaintiff and other Class members, which requires, *inter alia*, the following:

(A)    Each party in the relationship must act with good faith toward the other concerning all matters related to the employment;

(B)    Each party in the relationship must act with fairness toward the other concerning all matters related to the employment;

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

(C)     Neither party would take any action to prevent the other from obtaining the benefits of the employment relationship; and

(D)     Defendant employer would comply with its own representations, rules, practices, policies and procedures in dealing with Plaintiff.

40.     AMS breached the covenant of good faith and fair dealing and said breach was wrongful, in bad faith, and unfair, and therefore in violation of AMS's legal duties.

41.     Plaintiff and Class members further allege that AMS breached the covenant of good faith and fair dealing when they:

(A)     Continually fail and refuse to pay Plaintiff and Class members in accordance with California law;

(B)     Unfairly prevent Plaintiff and Class members from obtaining the benefits of the employment relationship including pay, overtime, expense reimbursement and other benefits;

42.     AMS' continued breach of the covenant of good faith and fair dealing is a substantial factor in causing damage and injury to Plaintiff and Class members. As a direct and proximate result of AMS' unlawful conduct herein alleged, Plaintiff and Class members have lost wages, expenses and other employee benefits in an amount that will be proven at trial.

WHEREFORE, Plaintiff and Class members pray for judgment against Defendants as hereinafter set forth.

## THIRD CAUSE OF ACTION
(Willful Misclassification of Independent Contractor Status
Labor Code §§ 226.8, 2753)

43.     Plaintiff and Class members incorporate by reference paragraphs 1 through 42, inclusive, of this Complaint as though fully set forth herein.

44.     AMS intentionally and willfully characterized Plaintiff and Class members as independent contractors rather than employees in violation of Labor Code § 226.8.  As with Class members, during Plaintiff's employment with AMS, AMS continues to engage in a pattern

1  and practice of intentionally misclassifying employees as independent contractors for its own

2  financial benefit.

3       45.    Plaintiff and the Class are entitled to recover the civil penalties specified

4  in Labor Code §§ 226.8 and 2753 all damages proximately caused by AMS's wrongful conduct,

5  and reasonable attorneys' fees and costs.

6       WHEREFORE, Plaintiff and all Class members pray for judgment against AMS as

7  hereinafter set forth.

8  **FOURTH CAUSE OF ACTION**
9  (Failure to Pay Overtime Compensation<br>Calif. Labor Code §§510, 1194 and 1198; Cal. Code of Regs. §11090(3) (A))

10       46.    Plaintiff and Class members incorporates by reference paragraphs 1 through 45,

11  inclusive, of this Complaint as though fully set forth herein.

12       47.    Labor Code §1194 provides that any employee receiving less than the legal

13  overtime compensation applicable to the employee is entitled to recover in a civil action the

14  unpaid balance of the full amount of this overtime compensation, including interest thereon,

15  reasonable attorneys' fees, and costs of suit.

16       48.    Labor Code § 510 and Cal. Code of Regs. §11090(3)(A), require employers to

17  pay employees one-and-one-half (1-1/2) times the regular hourly rate for all those hours worked

18  in excess of forty (40) hours in one work week and/or in excess of eight (8) in one work day, and

19  two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day,

20  unless such employees are exempt from the requirements of Wage Order 9.

21       49.    At all times relevant herein, Plaintiff and the Class members were and continue to

22  be non-exempt employees who did not and do not meet the test for any exemption applicable

23  under California law.

24       50.    During the four years following the filing of the Complaint in this case, AMS

25  failed to compensate Plaintiff and the Class members for overtime hours worked in excess of

26  eight (8) hours per day and/or forty (40) hours per week and double-time hours for hours worked

27  in excess of twelve (12) hours per day, as required under California law.

28

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP<br>100 Bush Street, Suite 1800<br>San Francisco, CA 94104

51.     As a result of AMS' conduct requiring Plaintiff and the rest of the class to work in excess of eight (8) hours per work day and/or forty (40) in one work week without paying them one-and one-half (1-1/2) times their regular hourly rate (or double-time hours for hours worked in excess of twelve (12) hours per day) Plaintiff and the class have sustained damages in the amount of one and one-half (1 1/2) times or two (2) times their regular hourly rate for all overtime hours worked, together with interest, attorneys' fees and costs of suit.

WHEREFORE, Plaintiff and all Class members pray for judgment against AMS as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(Failure to Pay Wages Due and Owing
California Labor Code § 200 *et seq.*)

52.     Plaintiff and Class members incorporate by reference paragraphs 1 through 51, inclusive, of this Complaint as though fully set forth herein.

53.     AMS's failure to pay PLAINTIFF and the Class wages due and owing violates the provisions of California Labor Code §200 et seq.  AMS has failed and refused, and continue to fail and refuse to pay the amounts due.

54.     In violation of state law, AMS knowingly and willfully refused to perform its obligations to compensate Plaintiff and the class for all wages earned and all hours worked.  As a direct result, Plaintiff and the class has suffered, and continues to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel AMS to fully perform its obligations under state law, all to Plaintiff's and the class members' damage in an amount according to proof at the time of trial.

WHEREFORE, Plaintiff and all Class members pray for judgment against AMS as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Failure to Indemnify Employees for Business Expenses
Violation of California Labor Code § 2802)

55.     Plaintiff and Class members incorporate by reference paragraphs 1 through 54, inclusive, of this Complaint as though fully set forth herein.

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA  94104

- 11 -

56.     At all times relevant herein, AMS was required by law to indemnify Plaintiff and Class members for all necessary expenditures or losses incurred by Plaintiff and Class members pursuant to Labor Code § 2802 and the corresponding California regulations.

57.     In violation of state law, AMS refused and continues to refuse to perform its obligation to Plaintiff and Class members under Labor Code § 2802.  As a direct result, Plaintiff and Class members suffered, and have continued to suffer, losses related to the expenses incurred by their performance of their job, including loss of those expenses, lost interest on those expenses, and attorney's fees in seeking to compel AMS to pay these expenses.

58.     As a proximate result of AMS's violations of Labor Code §2802, Plaintiff and Class members are entitled to recover their actual damages, interest, and attorneys' fees in amounts according to proof at time of trial.

WHEREFORE, Plaintiff and all Class members pray for judgment against AMS as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
(Unfair Competition
Cal. Bus. & Prof. Code §17200 *et seq.*)

59.     Plaintiff and Class members incorporate by reference paragraphs 1 through 58, inclusive, of this Complaint as though fully set forth herein.

60.     The California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice.  Cal. Bus. & Prof. Code § 17200.

61.     Defendants' conduct as described above constitutes unlawful business practices for the reasons set forth below, without limitation:

(a)     AMS has breached the contract with Plaintiff and the Class;

(b)     AMS has breached the covenant of good faith and fair dealing with the Class;

(c)     AMS has violated various sections of the California Labor Code, including but not limited to §§ 201, 202 and 203 (requiring payment of all

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA  94104

- 12 -

wages due upon termination of employment), 204 (requiring timely bimonthly payment of wages), 510 and 1194 (requiring payment of premium pay for all overtime hours worked) 2802 (requiring indemnification of business expenses); §§ 226.8, and 2753 (requiring correct classification of individuals); and

(d)   AMS has violated various sections of Wage Order 9-2001.

62.   AMS's conduct as described above constitutes unfair business practices for the reasons set forth below, without limitation:

(a)   AMS misclassifies Plaintiff and members of the Class as independent contractors (non-employees) and misrepresents and conceals from Plaintiff and members of the Class their status as employees.

(b)   AMS denies Plaintiff and members of the Class the protections and benefits provided to them under the California Labor Code;

(c)   AMS has induced and continues to induce Plaintiff and members of the Class to pay thousands of dollars in costs and expenses that should be borne by Defendants;

(d)   AMS has made implicit and explicit promises to Plaintiff and the Class that they would be paid for the work they performed, but instead were consistently and repeatedly denied such pay;

(e)   AMS's acts are in direct contravention to Labor Code § 90.5(a) which states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

63.   AMS's conduct described above constitutes fraudulent business practices for the reasons set forth below, without limitation:

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

(a)   AMS has made and continue to make misrepresentations and omissions of material fact as described above to induce Plaintiff and members of the Class to enter into employment with Defendant, as further described above;

(b)   AMS has made and continue to make misrepresentations and omissions of material fact as described above to induce Plaintiff and members of the Class to continue their working relationship with Defendants as further described above;

(c)   AMS's misrepresentations and omissions are likely to deceive the reasonable individual;

(d)   AMS's misrepresentations are objectively material to the reasonable individual, and therefore reliance upon such representations may be presumed as a matter of law; and

(e)   Plaintiff and members of the Class reasonably and justifiably relied on such misrepresentations.

64.   As a result of AMS's unlawful, unfair, and fraudulent conduct, Plaintiff and members of the Class suffered injury in fact and lost money and property, including, but not limited to, loss of monies and wages earned.

65.   Pursuant to California Business and Professions Code § 17203, Plaintiff and members of the Class seek declaratory and injunctive relief for Defendants' unlawful, unfair, and fraudulent conduct and to recover restitution.

66.   Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and members of the Class are entitled to recover reasonable attorney's fees, costs, and expenses incurred in bringing this action.

WHEREFORE, Plaintiff and all Class members pray for judgment against AMS as hereinafter set forth.

CLASS ACTION COMPLAINT

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Class members pray for judgment against AMS, jointly and severally, as follows:

1.  For declaratory judgment that AMS has violated the California Labor Code and public policy as alleged herein;

2.  For declaratory judgment that AMS has violated Business and Professions Code § 17200 *et seq.*, as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

3.  For preliminary, permanent and mandatory injunctive relief prohibiting AMS, its officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;

4.  For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;

5.  For an order awarding Plaintiff and the Class compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts, according to proof;

6.  For an award of reasonable attorneys' fees as provided by applicable law;

7.  For all costs of suit; and

8.  For such other and further relief as this Court deems just and proper.

Dated:   February 25, 2014   **DUCKWORTH PETERS LEBOWITZ OLIVIER LLP**

**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**

By:

Thomas E. Duckworth
Attorneys for Plaintiff and the Proposed Class

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

- 15 -

## DEMAND FOR JURY TRIAL

Plaintiff and the Class members hereby request a jury trial on all claims so triable.

Dated:   February 25, 2014

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP

SHEPHERD, FINKELMAN, MILLER & SHAH, LLP

By: _____

Thomas E. Duckworth
Attorneys for Plaintiff and the Proposed Class

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA  94104

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

Bennet Vinson, on behalf of himself and all others
similarly situated,

_____

*Plaintiff(s)*

v.

Asset Management Specialists, Inc. and DOES 1-25,

_____

*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.   EDCV14 - 00369 DDP (AGRx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Asset Management Specialists, Inc., 311 Sinclair Street, Bristol, Pennsylvania 19007.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Thomas E. Duckworth (SBN 152369), Monique Olivier (SBN 190385) Duckworth
Peters Lebowitz Olivier, LLP, 100 Bush Street, Suite 1800, San Francisco, CA 94104
(415) 433-0333; and
James E. Miller (SBN 262553), Karen M. Leser-Grenon (SBN 231189, Shepherd,
Finkelman, Miller & Shah, LLP, 65 Main Street, Chester, Connecticut 06412, (860)
526-1100.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI

CLERK OF COURT

Date: 2/26/2014

ANGELIQUE GONZALEZ

*Signature of Clerk or Deputy Clerk*



1233

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*




My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____               _____
                                              *Server's signature*

                                            _____
                                              *Printed name and title*


                                            _____
                                              *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

ORIGINAL

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Bennet Vinson, on behalf of himself and all others similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Asset Management Specialists, Inc. and Does 1-10 (10)

**(b)** County of Residence of First Listed Plaintiff   San Bernadino, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bristol, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Thomas E. Duckworth (SBN 152369), Monique Olivier (SBN 190385) Duckworth Peters et al., LLP, 100 Bush Street, Suite 1800, San Francisco, CA 94104, (415) 433-0333; James E. Miller (SBN 262553), Karen M. Leser-Grenon (SBN 231189), Shepherd et al., LLP, 65 Main Street, Chester, Connecticut 06412,  (860) 526-1100

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
California Labor Code violations; Breach of Contract; Breach of Covenant of Good Faith and Fair Dealing; Willful Misclassification of Independent Contractor Status; and Violations of the Business and Professions Code (Unfair Competition Law).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | | | ☐ 530 General | SOCIAL SECURITY |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | TORTS PERSONAL INJURY | | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | FEDERAL TAX SUITS |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | BANKRUPTCY | FORFEITURE/PENALTY | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | CIVIL RIGHTS | LABOR | |
| ☐ 896 Arbitration | REAL PROPERTY | ☐ 362 Personal Injury-Med Malpractice | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 445 American with Disabilities-Employment | ☒ 790 Other Labor Litigation | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 448 Education | | |

**FOR OFFICE USE ONLY:**   Case Number:   EDCV14-00369 DDP (AGRx)

CV-71 (11/13)   CIVIL COVER SHEET   Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | | INITIAL DIVISION IN CACD IS: |
| --- | --- | --- | --- |
| | ☐ Los Angeles | | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | | Western |
| | ☐ Orange | | Southern |
| | ☐ Riverside or San Bernardino | | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a Plaintiff | If the United States, or one of its agencies or employees, is a Defendant | INITIAL DIVISION IN CACD IS: |
| --- | --- | --- | --- |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
| --- | --- | --- | --- | --- | --- | --- |
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
| --- | --- |
| ☐ 2 or more answers in Column C | ☒ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right. ➡ | Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
| --- | --- |
| Enter the initial division determined by Question A, B, or C above: ➡ | Eastern Division |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____ DATE: 2/25/14

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |