1

2

3                                                              O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   BENNETT VINSON, on behalf      )  Case No. EDCV 14-00369 DDP (AGRx)
     of himself and al others       )
12   similarly situated,            )  **ORDER TO SHOW CAUSE WHY THIS**
                                     )  **ACTION SHOULD NOT BE DISMISSED**
13                    Plaintiff,     )  **FOR LACK OF JURISDICTION**
                                     )
14        v.                        )
                                     )
15   ASSET MANAGEMENT               )
     SPECIALISTS, INC.,             )
16                                   )
                     Defendant.     )
17   _____ )

18        Plaintiff is ordered to show cause why this action should not

19   be dismissed for lack of subject matter jurisdiction.  Plaintiff

20   filed the instant Complaint on February 26, 2014 on the basis of

21   diversity jurisdiction pursuant to 28 U.S.C. § 1332.  A federal

22   court has original jurisdiction when there is complete diversity

23   between the parties and the amount in controversy exceeds $75,000.

24   28 U.S.C. § 1332.  Complete diversity means that each of the

25   plaintiffs must be a citizen of a different state than each of the

26   defendants.  <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996).

27        Here, Defendant's citizenship is not clear from the face of

28   Plaintiff's Complaint.  "A corporation shall be deemed to be a

citizen of any State by which it has been incorporated and the
State where it has its principal place of business."  28 U.S.C.
1332(c)(1).  Plaintiff's Complaint alleges that Defendant's
headquarters are in Pennsylvania, but makes no mention of
Defendant's place of incorporation.  The court is therefore unable
to ascertain Defendant's citizenship, and, thus, whether the
parties are diverse.

Also, it is not clear that the amount in controversy exceeds
the $75,000 jurisdictional minimum.  In class actions such as this
one, each named plaintiff must independently meet the amount-in-
controversy requirement.  See Bernal v. Comerica Bank, 2010 WL
3037259, at *3 (C.D. Cal. July 30, 2010).  While the Complaint
seeks compensatory damages that include lost wages, earnings, and
employee benefits, Plaintiff's Complaint does not specify a
particular amount of damages and does not indicate whether damages
will amount to a sum greater than $75,000.

Accordingly, the court orders Plaintiff to file a brief, not
to exceed five pages, within 10 days of the date of this Order,
showing why this action should not be dismissed for lack of subject
matter jurisdiction.  Plaintiff should also deliver a courtesy copy
to chambers, Room 244-J, Second Floor, 312 N. Spring Street, Los
Angeles.  The court will regard any failure to file an explanatory
brief as consent to dismiss this matter.

IT IS SO ORDERED.

Dated: April 2, 2014

DEAN D. PREGERSON
United States District Judge

2